**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

NEEL DHINGRA, Individually and On Behalf of All Others Similarly Situated,

      Plaintiff,

v.

CROCS, INC.,
RON SNYDER, and
PETER CASE,

      Defendants.

---

**PLAINTIFF'S CLASS ACTION COMPLAINT FOR
VIOLATIONS OF FEDERAL SECURITIES LAWS**

---

Plaintiff has alleged the following based upon the investigation of Plaintiff's counsel, which included a review of United States Securities and Exchange Commission ("SEC") filings by CROCS, Inc. ("CROCS" or the "Company"), as well as regulatory filings and reports, securities analysts' reports and advisories about the Company, press releases and other public statements issued by the Company, and media reports about the Company, and Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a securities class action on behalf of purchasers of the securities of CROCS between July 27, 2007 and October 31, 2007, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act [15 U.S.C. §§78j(b) and 78t(a)] and Rule 10b-5 promulgated thereunder by the SEC [17 C.F.R. §240.10b-5].

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and Section 27 of the Exchange Act [15 U.S.C. §78aa].

4.      Venue is proper in this District pursuant to Section 27 of the Exchange Act and 28 U.S.C. §1391(b), as many of the acts and practices complained of herein occurred in substantial part in this District.

5.      In connection with the acts alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

**PARTIES**

6.      Plaintiff Neel Dhingra, as set forth in the accompanying certification and incorporated by reference herein, purchased the securities of CROCS at artificially inflated prices during the Class Period and has been damaged thereby.

7.      Defendant CROCS and its subsidiaries design, develop and manufacture consumer products from specialty resins worldwide. The Company offers footwear for men, women and children under the "CROCS" brand.

8.      (a)      Defendant Ron Snyder ("Snyder") served as CROCS' Chief Executive Officer ("CEO") and President during the Class Period.

(b)      Defendant Peter Case ("Case") served as CROCS' Chief Financial Officer ("CFO") during the Class Period.

(c)      Defendants Snyder and Case are collectively referred to herein as the "Individual Defendants."

9.      Because of the Individual Defendants' positions with the Company, they had access to the adverse undisclosed information about the Company's business, operations, operational trends, financial statements, markets and present and future business prospects via access to internal corporate documents (including the Company's operating plans, budgets and forecasts and reports of actual operations compared thereto), conversations and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof and via reports and other information provided to them in connection therewith.

10.      It is appropriate to treat the Individual Defendants as a group for pleading purposes and to presume that the false, misleading and incomplete information conveyed in the Company's

- 2 -

public filings, press releases and other publications as alleged herein are the collective actions of the narrowly defined group of Defendants identified above. Each of the above officers of CROCS, by virtue of their high-level positions with the Company, directly participated in the management of the Company, was directly involved in the day-to-day operations of the Company at the highest levels and was privy to confidential proprietary information concerning the Company and its business, operations, growth, financial statements and financial condition, as alleged herein. Said Defendants were involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein, were aware, or recklessly disregarded, that the false and misleading statements were being issued regarding the Company, and approved or ratified these statements, in violation of the federal securities laws.

11.    As officers and controlling persons of a publicly-held company whose common stock was, and is, registered with the SEC pursuant to the Exchange Act, and was, and is, traded on the Nasdaq National Market System ("NASDAQ"), and governed by the provisions of the federal securities laws, the Individual Defendants each had a duty to disseminate promptly accurate and truthful information with respect to the Company's financial condition and performance, growth, operations, financial statements, business, markets, management, earnings and present and future business prospects, and to correct any previously-issued statements that had become materially misleading or untrue, so that the market price of the Company's publicly-traded common stock would be based upon truthful and accurate information.   The Individual Defendants' misrepresentations and omissions during the Class Period violated these specific requirements and obligations.

12.     The Individual Defendants participated in the drafting, preparation and/or approval of the various public, shareholder and investor reports and other communications complained of herein and were aware of, or recklessly disregarded, the misstatements contained therein and omissions therefrom, and were aware of their materially false and misleading nature. Because of their Board membership and/or executive and managerial positions with CROCS, each of the Individual Defendants had access to the adverse undisclosed information about CROCS' business prospects and financial condition and performance as particularized herein and knew (or recklessly disregarded) that these adverse facts rendered the positive representations made by or about CROCS and its business issued or adopted by the Company materially false and misleading.

13.     The Individual Defendants, because of their positions of control and authority as officers and/or directors of the Company, were able to and did control the content of the various SEC filings, press releases and other public statements pertaining to the Company during the Class Period. Each Individual Defendant was provided with copies of the documents alleged herein to be misleading prior to or shortly after their issuance and/or had the ability and/or opportunity to prevent their issuance or cause them to be corrected. Accordingly, each of the Individual Defendants is responsible for the accuracy of the public reports and releases detailed herein and is therefore primarily liable for the representations contained therein.

14.     Each of the Defendants is liable as a participant in a fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of CROCS securities by disseminating materially false and misleading statements and/or concealing material adverse facts. The scheme: (i) deceived the investing public regarding CROCS' business, operations, management and the intrinsic value of CROCS securities; (ii) enabled CROCS insiders to sell 963,162 shares of their

personally-held CROCS common stock, generating proceeds of more than $58 million; and (ii) caused Plaintiff and other members of the Class to purchase CROCS securities at artificially inflated prices.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class consisting of all those who purchased the securities of CROCS during the Class Period and who were damaged thereby. Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

16. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, CROCS common shares were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by CROCS or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

17. Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

18.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

19.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)     whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)     whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of CROCS; and

(c)     to what extent the members of the Class have sustained damages and the proper measure of damages.

20.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

21.     Defendant CROCS and its subsidiaries design, develop and manufacture consumer products from specialty resins worldwide. The Company offers footwear for men, women and children under the "CROCS" brand.

- 6 -

22.     The Class Period commences on July 27, 2007.  On July 26, 2007, after the close of

trading, CROCS issued a press release announcing its financial results for the second fiscal quarter

of 2007, the period ending June 30, 2007.  For the quarter, the Company reported revenues of $224.3

million and income of $0.58 per share.  Defendant Snyder commented on the announcement, stating,

in pertinent, part as follows:

> The positive momentum we experienced at the beginning of the year carried forward into the second quarter, allowing us to exceed both internal and external expectations. We continued to witness robust demand for our expanded footwear collection and growing accessories category throughout the United States and Canada. Additionally, our overseas markets - in particular Europe -remained very strong driven by a broader merchandise assortment, increased distribution, and additional shelf space within our existing retailers. Looking ahead, our order book is coming in better than anticipated which has enabled us to once again increase our outlook for the fiscal year.

*       *       *

> The first half of 2007 has been a period of rapid expansion and significant growth for Crocs. During this time we have further diversified our business, secured a number of additional partnerships with many of the premier sports and entertainment brands in the world and posted strong financial gains across the board. Equally important, we have continued to invest in our global operating platform, including key personnel and production capacity, as we remain committed to further positioning Crocs for future success.  We are excited about the many prospects we believe exist going forward and our entire organization is focused on executing our long-term strategic growth plan."

The Company also increased its earnings guidance for the third quarter of 2007 and fiscal year 2007.

For fiscal 2007, the Company stated that it "now expects total revenues to range from $810 million

to $820 million and net income per diluted share to range from $1.89 to $1.93."

23.     In response to the positive earnings announcement, on July 27, 2007, the price of

CROCS stock surged, rising from $50.59 per share to $55.42 per share on heavy trading volume.

24.     On September 27, 2007, CROCS presented at the Piper Jaffray Second Annual London Consumer Conference. Defendant Snyder presented at the conference. With respect to the Company's earnings per share, Defendant Snyder stated:

> EPS has grown nicely as well over the last few years and last -- same quarter over quarter. Our operating margins have continued to come in around our expected targets of 26 to 28%. We see this being able to continue this rate going forward for the foreseeable future.

25.     The statements referenced above in ¶¶22 and 24 were each materially false and misleading when made because they failed to disclose and misrepresented the following material adverse facts, which were known to Defendants or recklessly disregarded by them:

(a)     that the Company was experiencing significant distribution problems in Europe as it had moved distribution facilities and was experiencing distribution problems in Japan with a third-party distributor. As a result of these problems, the Company had lost tens of millions of dollars in sales;

(b)     that the Company's sales were being negatively impacted by seasonal conditions as consumers reduced purchases of the Company's products in cold weather climates;

(c)     that the Company's inventory levels were building far beyond historic levels as sales began to slow and the Company's sales began to be impacted by seasonality; and

(d)     based on the foregoing, Defendants lacked a reasonable basis for their positive statements about the Company, its earnings and prospects.

26.     Then, on October 31, 2007, CROCS issued a press release announcing its financial results for the third quarter of 2007, the period ending September 30, 2007. For the quarter, the Company reported earnings per share of $0.66 on revenue of $256 million, as compared to analyst consensus estimates of $0.63 per share and $258 million in revenues.

27.     Following the earnings announcements, CROCS held a conference call for analysts and investors.  During the call, Defendants discussed problems at its European and Japanese distribution centers and its growing inventory, among other things.

28.     In response to the announcements, the price of CROCS stock declined from $74.75 per share to $47.74 per share on extremely heavy trading volume.

29.     The markets for CROCS securities were open, well-developed and efficient at all relevant times.  As a result of these materially false and misleading statements and failures to disclose, CROCS securities traded at artificially inflated prices during the Class Period.  Plaintiff and other members of the Class purchased or otherwise acquired CROCS securities relying upon the integrity of the market price of CROCS securities and market information relating to CROCS, and have been damaged thereby.

30.     During the Class Period, Defendants materially misled the investing public, thereby inflating the price of CROCS securities, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and misleading.  Said statements and omissions were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein.

31.     At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class.  As described herein, during the Class Period, Defendants made or caused to be made a series of materially false or misleading statements about CROCS' business, prospects and operations.  These material misstatements and

omissions had the cause and effect of creating in the market an unrealistically positive assessment of CROCS and its business, prospects and operations, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein.

## ADDITIONAL SCIENTER ALLEGATIONS

32.     As alleged herein, Defendants acted with scienter in that Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, Defendants, by virtue of their receipt of information reflecting the true facts regarding CROCS, their control over, and/or receipt and/or modification of CROCS' allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning CROCS, participated in the fraudulent scheme alleged herein.

33.     Defendants' scienter is further evidenced by the massive insider selling during the Class Period, as follows:

| Last Name | First Name | Date | Shares | Price | Proceeds |
|---|---|---|---|---|---|
| CROGHAN | RAYMOND | 7/31/2007 | 17,926 | $60.10 | $1,077,353 |
| | | 7/31/2007 | 10,010 | $60.00 | $600,600 |
| | | 7/31/2007 | 7,615 | $60.01 | $456,976 |
| | | 7/31/2007 | 7,323 | $60.05 | $439,746 |

| | | | |
|---|---|---|---|
| 7/31/2007 | 5,006 | $60.13 | $301,011 |
| 7/31/2007 | 3,390 | $60.07 | $203,637 |
| 7/31/2007 | 2,934 | $60.14 | $176,451 |
| 7/31/2007 | 2,794 | $60.06 | $167,808 |
| 7/31/2007 | 2,548 | $60.02 | $152,931 |
| 7/31/2007 | 2,188 | $59.95 | $131,171 |
| 7/31/2007 | 1,570 | $60.12 | $94,388 |
| 7/31/2007 | 1,378 | $60.03 | $82,721 |
| 7/31/2007 | 712 | $60.08 | $42,777 |
| 7/31/2007 | 660 | $59.97 | $39,580 |
| 7/31/2007 | 537 | $60.10 | $32,274 |
| 7/31/2007 | 537 | $60.10 | $32,274 |
| 7/31/2007 | 378 | $60.04 | $22,695 |
| 7/31/2007 | 304 | $60.00 | $18,240 |
| 7/31/2007 | 284 | $59.99 | $17,037 |
| 7/31/2007 | 231 | $60.01 | $13,862 |
| 7/31/2007 | 220 | $60.05 | $13,211 |
| 7/31/2007 | 220 | $60.05 | $13,211 |
| 7/31/2007 | 147 | $60.13 | $8,839 |
| 7/31/2007 | 147 | $60.13 | $8,839 |
| 7/31/2007 | 105 | $60.07 | $6,307 |
| 7/31/2007 | 105 | $60.07 | $6,307 |
| 7/31/2007 | 96 | $59.94 | $5,754 |
| 7/31/2007 | 94 | $59.96 | $5,636 |
| 7/31/2007 | 94 | $60.11 | $5,650 |
| 7/31/2007 | 84 | $60.06 | $5,045 |
| 7/31/2007 | 84 | $60.06 | $5,045 |
| 7/31/2007 | 83 | $60.14 | $4,992 |
| 7/31/2007 | 83 | $60.14 | $4,992 |
| 7/31/2007 | 76 | $60.02 | $4,562 |
| 7/31/2007 | 56 | $59.95 | $3,357 |
| 7/31/2007 | 45 | $60.12 | $2,705 |
| 7/31/2007 | 45 | $60.12 | $2,705 |
| 7/31/2007 | 43 | $60.03 | $2,581 |
| 7/31/2007 | 22 | $60.08 | $1,322 |
| 7/31/2007 | 22 | $60.08 | $1,322 |
| 7/31/2007 | 20 | $59.97 | $1,199 |
| 7/31/2007 | 11 | $60.04 | $660 |
| 7/31/2007 | 8 | $59.99 | $480 |
| 7/31/2007 | 3 | $60.11 | $180 |
| 7/31/2007 | 3 | $59.96 | $180 |
| 7/31/2007 | 3 | $60.11 | $180 |
| 7/31/2007 | 2 | $59.94 | $120 |
| 9/25/2007 | 4,130 | $64.90 | $268,037 |
| 9/25/2007 | 570 | $64.93 | $37,010 |
| 9/26/2007 | 17,533 | $64.90 | $1,137,892 |
| 9/26/2007 | 7,150 | $64.92 | $464,178 |
| 9/26/2007 | 6,252 | $65.00 | $406,380 |

| | | | | | |
|---|---|---|---|---|---|
| | | 9/26/2007 | 5,860 | $64.93 | $380,490 |
| | | 9/26/2007 | 2,865 | $64.95 | $186,082 |
| | | 9/26/2007 | 1,320 | $65.07 | $85,892 |
| | | 9/26/2007 | 1,080 | $64.91 | $70,103 |
| | | 9/26/2007 | 600 | $64.94 | $38,964 |
| | | 9/26/2007 | 600 | $64.96 | $38,976 |
| | | 9/26/2007 | 600 | $64.97 | $38,982 |
| | | 9/26/2007 | 425 | $65.08 | $27,659 |
| | | 9/26/2007 | 385 | $64.98 | $25,017 |
| | | 9/26/2007 | 100 | $65.05 | $6,505 |
| | | 9/26/2007 | 100 | $65.06 | $6,506 |
| | | 9/26/2007 | 80 | $65.04 | $5,203 |
| | | 9/26/2007 | 50 | $64.99 | $3,250 |
| | | 9/27/2007 | 35,000 | $64.90 | $2,271,500 |
| | | 9/27/2007 | 3,300 | $65.25 | $215,325 |
| | | 9/27/2007 | 2,000 | $65.41 | $130,820 |
| | | 9/27/2007 | 4,500 | $65.54 | $294,930 |
| | | 9/27/2007 | 2,500 | $65.56 | $163,900 |
| | | 9/27/2007 | 3,000 | $65.60 | $196,800 |
| | | | 170,246 | | $10,719,316 |
| | | | | | |
| FRASCH | RONALD | 7/31/2007 | 4,800 | $59.85 | $287,280 |
| | | 7/31/2007 | 2,804 | $59.76 | $167,567 |
| | | 7/31/2007 | 1,496 | $59.77 | $89,416 |
| | | 7/31/2007 | 1,400 | $59.86 | $83,804 |
| | | 7/31/2007 | 1,000 | $59.92 | $59,920 |
| | | 7/31/2007 | 904 | $59.97 | $54,213 |
| | | 7/31/2007 | 604 | $59.95 | $36,210 |
| | | 7/31/2007 | 600 | $59.87 | $35,922 |
| | | 7/31/2007 | 400 | $59.88 | $23,952 |
| | | 7/31/2007 | 300 | $59.78 | $17,934 |
| | | 7/31/2007 | 200 | $59.80 | $11,960 |
| | | 7/31/2007 | 192 | $59.75 | $11,472 |
| | | 7/31/2007 | 100 | $59.81 | $5,981 |
| | | 7/31/2007 | 100 | $59.89 | $5,989 |
| | | 7/31/2007 | 100 | $59.93 | $5,993 |
| | | | 15,000 | | $897,613 |
| | | | | | |
| MARGOLIS | MICHAEL | 8/1/2007 | 11,649 | $58.50 | $681,467 |
| | | 8/1/2007 | 19 | $56.71 | $1,077 |
| | | 9/4/2007 | 1,812 | $59.20 | $107,270 |
| | | 9/4/2007 | 1,172 | $59.29 | $69,488 |
| | | 9/4/2007 | 936 | $58.50 | $54,756 |
| | | 9/4/2007 | 866 | $59.37 | $51,414 |
| | | 9/4/2007 | 788 | $59.24 | $46,681 |
| | | 9/4/2007 | 787 | $59.31 | $46,677 |
| | | 9/4/2007 | 710 | $59.21 | $42,039 |

|  |  | 9/4/2007 | 708 | $59.10 | $41,843 |
|---|---|---|---|---|---|
|  |  | 9/4/2007 | 649 | $59.63 | $38,700 |
|  |  | 9/4/2007 | 473 | $59.26 | $28,030 |
|  |  | 9/4/2007 | 394 | $59.18 | $23,317 |
|  |  | 9/4/2007 | 316 | $59.30 | $18,739 |
|  |  | 9/4/2007 | 315 | $59.28 | $18,673 |
|  |  | 9/4/2007 | 237 | $59.35 | $14,066 |
|  |  | 9/4/2007 | 236 | $59.23 | $13,978 |
|  |  | 9/4/2007 | 236 | $59.25 | $13,983 |
|  |  | 9/4/2007 | 236 | $59.27 | $13,988 |
|  |  | 9/4/2007 | 158 | $59.09 | $9,336 |
|  |  | 9/4/2007 | 158 | $59.32 | $9,373 |
|  |  | 9/4/2007 | 158 | $59.36 | $9,379 |
|  |  | 9/4/2007 | 157 | $59.22 | $9,298 |
|  |  | 9/4/2007 | 79 | $59.07 | $4,667 |
|  |  | 9/4/2007 | 79 | $59.34 | $4,688 |
|  |  | 9/4/2007 | 8 | $59.08 | $473 |
|  |  | 10/1/2007 | 1,654 | $66.53 | $110,041 |
|  |  | 10/1/2007 | 1,482 | $66.51 | $98,568 |
|  |  | 10/1/2007 | 1,378 | $66.55 | $91,706 |
|  |  | 10/1/2007 | 1,103 | $66.50 | $73,350 |
|  |  | 10/1/2007 | 966 | $66.52 | $64,258 |
|  |  | 10/1/2007 | 689 | $66.60 | $45,887 |
|  |  | 10/1/2007 | 689 | $66.90 | $46,094 |
|  |  | 10/1/2007 | 620 | $66.49 | $41,224 |
|  |  | 10/1/2007 | 393 | $67.00 | $26,331 |
|  |  | 10/1/2007 | 379 | $66.62 | $25,249 |
|  |  | 10/1/2007 | 310 | $66.61 | $20,649 |
|  |  | 10/1/2007 | 296 | $66.80 | $19,773 |
|  |  | 10/1/2007 | 276 | $67.09 | $18,517 |
|  |  | 10/1/2007 | 207 | $66.64 | $13,794 |
|  |  | 10/1/2007 | 207 | $67.19 | $13,908 |
|  |  | 10/1/2007 | 207 | $67.62 | $13,997 |
|  |  | 10/1/2007 | 207 | $67.72 | $14,018 |
|  |  | 10/1/2007 | 172 | $66.88 | $11,503 |
|  |  | 10/1/2007 | 172 | $67.21 | $11,560 |
|  |  | 10/1/2007 | 172 | $67.40 | $11,593 |
|  |  | 10/1/2007 | 69 | $67.36 | $4,648 |
|  |  | 10/1/2007 | 14 | $67.04 | $939 |
|  |  | 10/1/2007 | 7 | $67.03 | $469 |
|  |  |  | 35,005 |  | $2,151,475 |
|  |  |  |  |  |  |
| MARKS | MICHAEL | 8/1/2007 | 50,000 | $59.00 | $2,950,000 |
|  |  | 8/2/2007 | 13,800 | $59.60 | $822,480 |
|  |  | 8/2/2007 | 12,607 | $59.35 | $748,225 |
|  |  | 8/2/2007 | 12,460 | $59.65 | $743,239 |
|  |  | 8/2/2007 | 7,490 | $59.62 | $446,554 |

| | | | |
|---|---|---|---|
| 8/2/2007 | 4,695 | $59.64 | $280,010 |
| 8/2/2007 | 3,000 | $59.38 | $178,140 |
| 8/2/2007 | 3,000 | $59.59 | $178,770 |
| 8/2/2007 | 2,900 | $59.58 | $172,782 |
| 8/2/2007 | 2,693 | $59.36 | $159,856 |
| 8/2/2007 | 2,600 | $59.39 | $154,414 |
| 8/2/2007 | 2,300 | $59.37 | $136,551 |
| 8/2/2007 | 2,300 | $59.61 | $137,103 |
| 8/2/2007 | 1,900 | $59.68 | $113,392 |
| 8/2/2007 | 1,600 | $59.55 | $95,280 |
| 8/2/2007 | 1,555 | $59.67 | $92,787 |
| 8/2/2007 | 1,300 | $59.63 | $77,519 |
| 8/2/2007 | 1,200 | $59.71 | $71,652 |
| 8/2/2007 | 1,000 | $59.72 | $59,720 |
| 8/2/2007 | 900 | $59.44 | $53,496 |
| 8/2/2007 | 900 | $59.66 | $53,694 |
| 8/2/2007 | 800 | $59.42 | $47,536 |
| 8/2/2007 | 800 | $59.69 | $47,752 |
| 8/2/2007 | 700 | $59.47 | $41,629 |
| 8/2/2007 | 600 | $59.45 | $35,670 |
| 8/2/2007 | 600 | $59.50 | $35,700 |
| 8/2/2007 | 500 | $59.34 | $29,670 |
| 8/2/2007 | 500 | $59.40 | $29,700 |
| 8/2/2007 | 500 | $59.73 | $29,865 |
| 8/2/2007 | 400 | $59.48 | $23,792 |
| 8/2/2007 | 400 | $59.70 | $23,880 |
| 8/2/2007 | 400 | $59.74 | $23,896 |
| 8/2/2007 | 400 | $59.75 | $23,900 |
| 8/2/2007 | 400 | $59.76 | $23,904 |
| 8/2/2007 | 384 | $59.49 | $22,844 |
| 8/2/2007 | 300 | $59.51 | $17,853 |
| 8/2/2007 | 200 | $59.43 | $11,886 |
| 8/2/2007 | 200 | $59.53 | $11,906 |
| 8/2/2007 | 200 | $59.81 | $11,962 |
| 8/2/2007 | 200 | $59.82 | $11,964 |
| 8/2/2007 | 200 | $59.83 | $11,966 |
| 8/2/2007 | 200 | $59.84 | $11,968 |
| 8/2/2007 | 116 | $59.52 | $6,904 |
| 8/2/2007 | 100 | $59.41 | $5,941 |
| 8/2/2007 | 100 | $59.46 | $5,946 |
| 8/2/2007 | 100 | $59.56 | $5,956 |
| 8/2/2007 | 100 | $59.57 | $5,957 |
| 8/2/2007 | 100 | $59.77 | $5,977 |
| 8/21/2007 | 9,606 | $56.57 | $543,411 |
| 8/21/2007 | 7,400 | $56.67 | $419,358 |
| 8/21/2007 | 6,800 | $56.50 | $384,200 |
| 8/21/2007 | 6,100 | $56.63 | $345,443 |
| 8/21/2007 | 5,863 | $56.70 | $332,432 |

| | | | | | |
|---|---|---|---|---|---|
| | | 8/21/2007 | 5,730 | $56.53 | $323,917 |
| | | 8/21/2007 | 5,000 | $56.62 | $283,100 |
| | | 8/21/2007 | 4,900 | $56.69 | $277,781 |
| | | 8/21/2007 | 4,700 | $56.58 | $265,926 |
| | | 8/21/2007 | 4,613 | $56.64 | $261,280 |
| | | 8/21/2007 | 3,764 | $56.60 | $213,042 |
| | | 8/21/2007 | 3,500 | $56.56 | $197,960 |
| | | 8/21/2007 | 3,100 | $56.65 | $175,615 |
| | | 8/21/2007 | 3,000 | $56.55 | $169,650 |
| | | 8/21/2007 | 2,900 | $56.52 | $163,908 |
| | | 8/21/2007 | 2,500 | $56.71 | $141,775 |
| | | 8/21/2007 | 2,400 | $56.74 | $136,176 |
| | | 8/21/2007 | 2,200 | $56.77 | $124,894 |
| | | 8/21/2007 | 1,900 | $56.59 | $107,521 |
| | | 8/21/2007 | 1,800 | $56.84 | $102,312 |
| | | 8/21/2007 | 1,674 | $56.72 | $94,949 |
| | | 8/21/2007 | 1,400 | $56.75 | $79,450 |
| | | 8/21/2007 | 1,400 | $56.82 | $79,548 |
| | | 8/21/2007 | 1,300 | $56.61 | $73,593 |
| | | 8/21/2007 | 1,150 | $56.79 | $65,309 |
| | | 8/21/2007 | 1,000 | $56.54 | $56,540 |
| | | 8/21/2007 | 1,000 | $56.76 | $56,760 |
| | | 8/21/2007 | 1,000 | $56.83 | $56,830 |
| | | 8/21/2007 | 800 | $56.66 | $45,328 |
| | | 8/21/2007 | 700 | $56.68 | $39,676 |
| | | 8/21/2007 | 400 | $56.78 | $22,712 |
| | | 8/21/2007 | 200 | $56.51 | $11,302 |
| | | 8/21/2007 | 200 | $56.81 | $11,362 |
| | | 8/27/2007 | 5,100 | $60.15 | $306,765 |
| | | 8/27/2007 | 5,065 | $60.01 | $303,951 |
| | | 8/27/2007 | 5,000 | $60.02 | $300,100 |
| | | 8/27/2007 | 5,000 | $60.05 | $300,250 |
| | | 8/27/2007 | 5,000 | $60.09 | $300,450 |
| | | 8/27/2007 | 3,800 | $60.11 | $228,418 |
| | | 8/27/2007 | 3,000 | $60.07 | $180,210 |
| | | 8/27/2007 | 1,255 | $60.00 | $75,300 |
| | | 8/27/2007 | 800 | $60.02 | $48,016 |
| | | 8/27/2007 | 200 | $60.02 | $12,004 |
| | | | 273,920 | | $16,010,113 |
| | | | | | |
| MCCARVEL | JOHN | 8/1/2007 | 20,583 | $58.34 | $1,200,812 |
| | | 8/1/2007 | 13,577 | $58.28 | $791,268 |
| | | 8/1/2007 | 13,000 | $58.48 | $760,240 |
| | | 8/1/2007 | 11,766 | $58.28 | $685,722 |
| | | 8/1/2007 | 9,742 | $58.27 | $567,666 |
| | | 8/1/2007 | 6,332 | $58.30 | $369,156 |
| | | | 75,000 | | $4,374,864 |

| | | | | | |
|---|---|---|---|---|---|
| SMACH | THOMAS | 7/26/2007 | 10,000 | $51.00 | $510,000 |
| | | 10/15/2007 | 8,807 | $69.00 | $607,683 |
| | | 10/31/2007 | 10,000 | $75.00 | $750,000 |
| | | | 28,807 | | $1,867,683 |
| | | | | | |
| SNYDER | RONALD | 7/31/2007 | 26,200 | $59.00 | $1,545,800 |
| | | 7/31/2007 | 14,317 | $59.40 | $850,430 |
| | | 7/31/2007 | 9,600 | $59.46 | $570,816 |
| | | 7/31/2007 | 8,639 | $59.37 | $512,897 |
| | | 7/31/2007 | 8,120 | $59.55 | $483,546 |
| | | 7/31/2007 | 7,700 | $59.60 | $458,920 |
| | | 7/31/2007 | 7,690 | $59.41 | $456,863 |
| | | 7/31/2007 | 7,310 | $59.36 | $433,922 |
| | | 7/31/2007 | 6,335 | $59.47 | $376,742 |
| | | 7/31/2007 | 6,140 | $59.43 | $364,900 |
| | | 7/31/2007 | 5,869 | $59.32 | $348,149 |
| | | 7/31/2007 | 5,800 | $59.59 | $345,622 |
| | | 7/31/2007 | 5,738 | $59.42 | $340,952 |
| | | 7/31/2007 | 5,584 | $59.44 | $331,913 |
| | | 7/31/2007 | 5,425 | $59.25 | $321,431 |
| | | 7/31/2007 | 5,100 | $59.28 | $302,328 |
| | | 7/31/2007 | 5,000 | $59.61 | $298,050 |
| | | 7/31/2007 | 4,967 | $59.50 | $295,537 |
| | | 7/31/2007 | 4,628 | $59.56 | $275,644 |
| | | 7/31/2007 | 4,300 | $59.45 | $255,635 |
| | | 7/31/2007 | 4,032 | $59.48 | $239,823 |
| | | 7/31/2007 | 3,963 | $59.38 | $235,323 |
| | | 7/31/2007 | 3,900 | $59.33 | $231,387 |
| | | 7/31/2007 | 3,700 | $59.04 | $218,448 |
| | | 7/31/2007 | 3,516 | $59.57 | $209,448 |
| | | 7/31/2007 | 3,435 | $59.34 | $203,833 |
| | | 7/31/2007 | 3,100 | $59.01 | $182,931 |
| | | 7/31/2007 | 3,100 | $59.02 | $182,962 |
| | | 7/31/2007 | 3,065 | $59.10 | $181,142 |
| | | 7/31/2007 | 2,784 | $59.58 | $165,871 |
| | | 7/31/2007 | 2,757 | $59.53 | $164,124 |
| | | 7/31/2007 | 2,700 | $59.62 | $160,974 |
| | | 7/31/2007 | 2,696 | $59.49 | $160,385 |
| | | 7/31/2007 | 2,615 | $59.39 | $155,305 |
| | | 7/31/2007 | 2,610 | $60.19 | $157,096 |
| | | 7/31/2007 | 2,504 | $59.52 | $149,038 |
| | | 7/31/2007 | 2,503 | $59.22 | $148,228 |
| | | 7/31/2007 | 2,324 | $59.51 | $138,301 |
| | | 7/31/2007 | 2,200 | $59.65 | $131,230 |
| | | 7/31/2007 | 2,100 | $59.26 | $124,446 |
| | | 7/31/2007 | 2,100 | $59.31 | $124,551 |

| | | | |
|---|---|---|---|
| 7/31/2007 | 2,100 | $59.63 | $125,223 |
| 7/31/2007 | 2,082 | $59.30 | $123,463 |
| 7/31/2007 | 2,000 | $59.12 | $118,240 |
| 7/31/2007 | 1,918 | $59.05 | $113,258 |
| 7/31/2007 | 1,867 | $59.07 | $110,284 |
| 7/31/2007 | 1,800 | $59.64 | $107,352 |
| 7/31/2007 | 1,700 | $59.54 | $101,218 |
| 7/31/2007 | 1,670 | $59.11 | $98,714 |
| 7/31/2007 | 1,600 | $59.06 | $94,496 |
| 7/31/2007 | 1,569 | $59.23 | $92,932 |
| 7/31/2007 | 1,565 | $59.27 | $92,758 |
| 7/31/2007 | 1,477 | $59.18 | $87,409 |
| 7/31/2007 | 1,215 | $59.08 | $71,782 |
| 7/31/2007 | 1,200 | $59.03 | $70,836 |
| 7/31/2007 | 1,000 | $59.35 | $59,350 |
| 7/31/2007 | 930 | $59.16 | $55,019 |
| 7/31/2007 | 900 | $59.21 | $53,289 |
| 7/31/2007 | 900 | $59.66 | $53,694 |
| 7/31/2007 | 600 | $59.09 | $35,454 |
| 7/31/2007 | 565 | $59.20 | $33,448 |
| 7/31/2007 | 458 | $59.13 | $27,082 |
| 7/31/2007 | 434 | $59.29 | $25,732 |
| 7/31/2007 | 300 | $59.14 | $17,742 |
| 7/31/2007 | 300 | $59.15 | $17,745 |
| 7/31/2007 | 300 | $59.67 | $17,901 |
| 7/31/2007 | 266 | $59.24 | $15,758 |
| 7/31/2007 | 200 | $59.17 | $11,834 |
| 7/31/2007 | 100 | $59.19 | $5,919 |
| 10/1/2007 | 9,139 | $66.53 | $608,018 |
| 10/1/2007 | 8,187 | $66.51 | $544,517 |
| 10/1/2007 | 7,616 | $66.55 | $506,845 |
| 10/1/2007 | 6,093 | $66.50 | $405,185 |
| 10/1/2007 | 5,331 | $66.52 | $354,618 |
| 10/1/2007 | 3,808 | $66.60 | $253,613 |
| 10/1/2007 | 3,808 | $66.90 | $254,755 |
| 10/1/2007 | 3,427 | $66.49 | $227,861 |
| 10/1/2007 | 2,170 | $67.00 | $145,390 |
| 10/1/2007 | 2,094 | $66.62 | $139,502 |
| 10/1/2007 | 1,714 | $66.61 | $114,170 |
| 10/1/2007 | 1,634 | $66.80 | $109,151 |
| 10/1/2007 | 1,524 | $67.09 | $102,245 |
| 10/1/2007 | 1,142 | $66.64 | $76,103 |
| 10/1/2007 | 1,142 | $67.19 | $76,731 |
| 10/1/2007 | 1,142 | $67.62 | $77,222 |
| 10/1/2007 | 1,142 | $67.72 | $77,336 |
| 10/1/2007 | 952 | $66.88 | $63,670 |
| 10/1/2007 | 952 | $67.21 | $63,984 |
| 10/1/2007 | 952 | $67.40 | $64,165 |

| | | | |
|---|---:|---|---:|
| 10/1/2007 | 381 | $67.36 | $25,664 |
| 10/1/2007 | 76 | $67.04 | $5,095 |
| 10/1/2007 | 38 | $67.03 | $2,547 |
| 10/3/2007 | 16,804 | $68.50 | $1,151,074 |
| 10/3/2007 | 9,444 | $68.78 | $649,558 |
| 10/3/2007 | 7,271 | $68.56 | $498,500 |
| 10/3/2007 | 7,129 | $68.53 | $488,550 |
| 10/3/2007 | 7,083 | $68.80 | $487,310 |
| 10/3/2007 | 2,361 | $68.69 | $162,177 |
| 10/3/2007 | 2,361 | $68.74 | $162,295 |
| 10/3/2007 | 472 | $68.51 | $32,337 |
| 10/3/2007 | 331 | $68.52 | $22,680 |
| 10/3/2007 | 282 | $68.57 | $19,337 |
| | 365,184 | | $22,645,077 |
| | | | |
| **Total:** | **963,162** | | **$58,666,141** |

## APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD ON THE MARKET DOCTRINE

34.     At all relevant times, the market for CROCS common stock was an efficient market for the following reasons, among others:

(a)     CROCS stock met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)     As a regulated issuer, CROCS filed periodic public reports with the SEC and the NASDAQ;

(c)     CROCS regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

(d)     CROCS was followed by several securities analysts employed by major brokerage firms, who wrote reports which were distributed to the sales force and certain customers

- 18 -

of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

35.     As a result of the foregoing, the market for CROCS common stock promptly digested current information regarding CROCS from all publicly available sources and reflected such information in CROCS' stock price. Under these circumstances, all purchasers of CROCS common stock during the Class Period suffered similar injury through their purchase of CROCS common stock at artificially inflated prices and a presumption of reliance applies.

## NO SAFE HARBOR

36.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. Many of the specific statements pleaded herein were not identified as "forward-looking statements" when made. To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the particular speaker knew that the particular forward-looking statement was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of CROCS who knew that those statements were false when made.

## COUNT I

### Violation of Section 10(b) of
### the Exchange Act and Rule 10b-5
### Promulgated Thereunder Against All Defendants

37.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

38.     During the Class Period, Defendants disseminated or approved the materially false and misleading statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

39.     Defendants: (a) employed devices, schemes and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's common stock during the Class Period.

40.     Plaintiff and the Class have suffered damages in that, in reliance on the integrity of the market, they paid artificially inflated prices for CROCS securities. Plaintiff and the Class would not have purchased CROCS securities at the prices they paid, or at all, if they had been aware that the market prices had been artificially and falsely inflated by Defendants' misleading statements.

41.     As a direct and proximate result of these Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their purchases of CROCS securities during the Class Period.

## COUNT II

### Violation of Section 20(a) of
### the Exchange Act Against the Individual Defendants

42.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

43.     The Individual Defendants acted as controlling persons of CROCS within the meaning of Section 20(a) of the Exchange Act, as alleged herein.  By reason of their positions as officers and/or directors of CROCS, and their ownership of CROCS stock, the Individual Defendants had the power and authority to cause CROCS to engage in the wrongful conduct complained of herein.  By reason of such conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A.     Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a Class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

B.     Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.     Such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

- 21 -

DATED: November 8, 2007          LAW OFFICE OF JEFFREY A. BERENS, LLC


                                   s/ Jeffrey A. Berens
                                 JEFFREY A. BERENS
                                 8691 East 26th Avenue
                                 Denver, CO  80238-2549
                                 Telephone:  303/378-8332
                                 303/395-0393 (fax)
                                 Email: jeffreyberens@comcast.net

                                 COUGHLIN STOIA GELLER RUDMAN &
                                   ROBBINS LLP
                                 SAMUEL H. RUDMAN
                                 DAVID A. ROSENFELD
                                 58 South Service Road, Suite 200
                                 Melville, NY  11747
                                 Telephone:  631/367-7100
                                 631/367-1173 (fax)

                                 ROY JACOBS & ASSOCIATES
                                 ROY L. JACOBS, ESQ.
                                 60 East 42nd Street, 46th Floor
                                 New York, NY 10165
                                 Telephone:  212/867-1156
                                 212-504-8343 (fax)

                                 Attorneys for Plaintiff



Plaintiff's address:

4880 Buckhaven Road
Reno, Nevada 89519

### PLAINTIFF'S CERTIFICATE

The undersigned ("Plaintiff"), declares, as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the complaint of Crocs Inc. ("Crocs") and certain other defendants.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as approved by the court.

5. Plaintiff made the following transactions during the Class Period (July 27, 2007 through October 31, 2007) in the securities of Crocs:

**Purchases**

| Date(s) | Number of Shares | Price |
|---|---|---|
| 10/19/2007 | 100 | 67.00 |
| | | |
| | | |
| | | |
| | | |
| | | |

**Sales**

| Date(s) | Number of Shares | Price |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

6. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

7. I declare under penalty of perjury, this 06th day of November, 2007 that the information above is accurate.

NEEL DHINGRA