IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-02351-PAB-KLM
(Consolidated with 07-cv-02412, 07-cv-02454, 07-cv-02465, and 07-cv-02469)

In Re Crocs, Inc., Securities Litigation

---

### ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

---

**WHEREAS**, a consolidated class action is pending before this Court entitled *In Re Crocs, Inc., Securities Litigation*, No. 07-cv-02351-PAB-KLM (Consolidated With: Civil Action No. 07-cv-02412, 07-cv-02454, 07-cv-02465, and 07-cv-02469) (the "Action");

**WHEREAS**, on April 9, 2012, the United States Court of Appeals for the Tenth Circuit entered an order remanding Appeal Nos. 11-1116 and 11-1142 on a limited basis with instructions for the district court to consider fully the Settling Parties' proposed class settlement;

**WHEREAS**, the Court has received the Stipulation and Agreement of Partial Class Settlement dated May 14, 2012 (the "Stipulation"), that has been entered into by the Plaintiffs and Settling Defendants, and the Court has reviewed the Stipulation and its attached Exhibits;

**WHEREAS**, the Plaintiffs having made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the partial settlement of the Action, in accordance with the Stipulation which, together with the

Exhibits annexed thereto sets forth the terms and conditions for a proposed partial settlement of the Action and for partial dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

**WHEREAS,** all capitalized defined terms contained herein shall have the same meanings as set forth in the Stipulation,

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.     The Court preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.     A hearing (the "Settlement Hearing") shall be held before this Court on **February 13, 2014, at 9:00 a.m.,** at the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, to determine:  whether to certify the Action as a class action, solely for the purposes of settlement, pursuant to Rules 23(a) and (b) of the Federal Rules of Civil  Procedure; whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should receive final approval by the Court; whether Class Judgment as provided in ¶4.2 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved as fair and reasonable; the amount of fees and expenses that should be awarded to Plaintiffs' Counsel; and the amount, if any, of expenses reimbursed to Plaintiffs and Plaintiffs' Counsel.  The Court may adjourn the Settlement Hearing without further notice to Members of the Settlement Class.  The date and time of the Settlement

Hearing shall be added to the Notice and Summary Notice before they are mailed and published.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for settlement purposes only, a Settlement Class consisting of all Persons who purchased or otherwise acquired publicly traded securities of Crocs, Inc. between April 2, 2007 and April 14, 2008, inclusive ("Settlement Class Period"). Excluded from the Settlement Class are Defendants, their officers and directors during the Settlement Class Period, the members of their immediate families, and their respective representatives, heirs, successors, and assigns, as well as any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class are those Persons who otherwise satisfy the above requirements for membership in the Settlement Class, but who timely and validly request exclusion from the Settlement Class pursuant to the Notice to be sent to Settlement Class Members.

4.      With respect to the Settlement Class, this Court preliminarily finds, solely for purposes of effectuating the Settlement, that the prerequisites for a class action under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class Members which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

(e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purposes of this Settlement, the Court preliminarily certifies Fernando Pedrera Sánchez, Harvey Babitt, and Daniel Lundberg, or any of them, as class representative for the Settlement Class and appoints Plaintiffs' Counsel as counsel for the Settlement Class. The Court preliminarily finds, solely for the purposes of this Settlement, that the claims of Plaintiffs are typical of the claims of the Settlement Class, and that the Plaintiffs and Plaintiffs' Counsel fairly and adequately represent and protect the interests of all of the Settlement Class Members.  Plaintiffs' Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by, or that may be undertaken pursuant to, the Stipulation or such other acts as are reasonably necessary to consummate the proposed Settlement as set forth in the Stipulation.

6.      The Court approves the payment of the Settlement Amount to the Escrow Agent in accordance with the terms and obligations of the Stipulation.  Before the Effective Date, Plaintiffs' Counsel may use up to $250,000 from the Settlement Fund, without further approval from the Settling Defendants or the Court, to pay costs and

expenses reasonably, necessarily, and actually incurred by the Claims Administrator in connection with providing notice to the Settlement Class, including printing, mailing and disseminating the Notice and Summary Notice, locating Settlement Class Members, reimbursing brokers, banks, and other nominee holders for Settlement Class Members, assisting with the filings of Proofs of Claims, administering the Settlement Fund to Authorized Claimants, and processing Proofs of Claims.  In the event Plaintiffs' Counsel believe the costs of providing notice to the Settlement Class and/or administering the Settlement will exceed $250,000, before the Effective Date, Plaintiffs' Counsel shall submit a written request to Crocs' counsel, Morrison & Foerster LLP, in accordance with the terms of the Stipulation.  No person or entity who is not a Settlement Class Member or counsel for Plaintiffs shall have any right to any portion of, or to the distribution of, the Settlement Fund unless otherwise ordered by the Court or provided in the Stipulation.

7.      The Court approves, as to form and content, the Notice of Pendency and Proposed Partial Settlement of Class Action (the "Notice"), the Summary Notice, and the Proof of Claim and Release form (the "Proof of Claim") annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶7-8 of this Order meet the requirements of Rules 23(c) and (e) of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8.      Pursuant to Rule 53 of the Federal Rules of Civil Procedure, the Court appoints the firm of the Garden City Group, Inc. ("Claims Administrator") to, under the direction of Plaintiffs' Lead Counsel, supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      Not later than fifteen (15) business days after entry of this Order, (the "Notice Date"), Plaintiffs' Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-3 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort;

(b)      Not later than twenty-eight (28) days after entry of this Order, Plaintiffs' Counsel shall cause the Summary Notice attached as Exhibit A-2 hereto to be published three times on a national newswire, such as Business Wire or PR Newswire, with no less than three (3) business days between each publication; and

(c)      Not later than fifteen (15) days after entry of this Order, Plaintiffs' Counsel shall cause the Stipulation and its Exhibits to be posted on the following website: www.gcginc.com/cases/CrocsSecuritiesLitigation; and

(d)      At least seven (7) calendar days prior to the Settlement Hearing, Plaintiffs' Counsel shall cause to be served on Settling Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing. Such proof should also include proof of any notice to beneficial owners under ¶9 hereof.

9.      The Claims Administrator shall use reasonable efforts to give notice to brokers and other nominees who hold Crocs securities purchased or acquired during

the period between April 2, 2007 and April 14, 2008, inclusive.  Such brokers and other nominees are directed to either (i) send the Notice and the Proof of Claim to all beneficial owners of such Crocs securities within ten (10) calendar days after receipt thereof, or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners within seven (7) calendar days after receipt thereof.  Plaintiffs' Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in identifying and providing notice to beneficial owners, who are Settlement Class Members, out of the Settlement Fund, which expenses would not have been incurred except for the identifying and sending of such Notice and Proof of Claim, subject to further order of this Court with respect to any dispute concerning such compensation.

10.    All Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons or entities seek or obtain any distribution from the Settlement Fund by any means, including, without limitation, by submitting a Proof of Claim or any similar document.

11.    Pending final determination of whether the Stipulation should be approved, Plaintiffs and all other Settlement Class Members, and Plaintiffs' Counsel,

are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against any Released Parties.

12.     Settlement Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be postmarked no later than one hundred and twenty days (120) from entry of this Order. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by a final judgment entered by the Court and will in all other respects be subject to and bound by the terms and provisions of the Stipulation, the releases contained therein, and the Class Judgment, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Party concerning any Released Claim (including any Unknown Claim).

13.     Any Member of the Settlement Class may request exclusion from the Settlement Class by submitting a written request for exclusion postmarked no later than ninety (90) days after entry of this Order and shall be addressed to:

Crocs Securities Litigation
Claims Administrator
c/o GCG
PO Box 9889
Dublin, OH 43017-5789
(888) 331-9141

To be valid, all requests for exclusions must include:  (a) such Person's name, address, and telephone number, along with a clear statement that such Person wishes to be excluded from the Settlement Class; and (b) the number and type of Crocs securities such Person purchased or acquired during the Settlement Class Period, the number and type of securities sold during the Settlement Class Period, if any, and the dates of such purchases and sales.  All Persons who submit valid and timely requests for exclusion ("Requests for Exclusion") in the manner set forth in this order shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Class Judgment entered in the Action.

14.    Plaintiffs' Counsel shall cause to be provided to counsel for the Settling Defendants copies of all Requests for Exclusion as provided in the Stipulation.

15.    Any Member of the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, pursuant to the process set forth in the Notice.  Any Class Member desiring to enter an appearance in the Action, individually or through counsel of his, her, or its own choice, at his, her, or its own expense, must do so no later than ninety (90) days after entry of this Order.  If a Settlement Class Member does not enter an appearance, he, she, or it will be represented by Plaintiffs' Counsel.

16.    Any Member of the Settlement Class may object to approval of the proposed Settlement of the Action, the Plan of Allocation and/or Plaintiffs and Plaintiffs' Counsel's request for an award of attorneys' fees and/or reimbursement of expenses;

provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of these matters unless that Person has filed with the Clerk of the United States District Court for the District of Colorado, and delivered by hand or sent by first class mail to Plaintiffs' Counsel and counsel for the Settling Defendants, written objections and copies of any papers and briefs that include: (a) such Person's or entity's name, address, and telephone number, along with a representation as to whether such Person or entity intends to appear to be heard at the Settlement Hearing; (b) a statement of the reason(s) for objection; (c) proof of all purchases, acquisitions or sales of Crocs securities during the Settlement Class Period indicating, without limitation, the exchange upon which the securities were purchased, acquired, or sold and the price(s) paid and received; and (d) if such Person or entity has indicated that he, she, or it intends to appear at the Settlement Hearing, the identities of any witnesses that he, she, or it may call to testify and any exhibits that he, she, or it intends to introduce into evidence at the Settlement Hearing.  Any such objections must be filed with the Court and received by the following counsel at the addresses below no later than ninety (90) days after entry of this Order:

> Clerk of the Court
> UNITED STATES DISTRICT COURT
> DISTRICT OF COLORADO
> Alfred A. Arraj United States Courthouse
> Room A-105
> 901 19th Street
> Denver, Colorado 80294-3589

Plaintiffs' Counsel:

David Brower
BROWER PIVEN
 A Professional Corporation
488 Madison Avenue, 8th Floor
New York, NY 10022

Counsel for Settling Defendants:

Paul T. Friedman
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105

17.     Any Member of the Settlement Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and/or expenses to Plaintiffs' Counsel or Plaintiffs, unless otherwise ordered by the Court.

18.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be invested and distributed pursuant to the Stipulation and/or further order(s) of the Court.

19.     All opening briefs in support of the Settlement, the Plan of Allocation, and the application by Plaintiffs' Counsel for attorneys' fees or reimbursement of expenses shall be filed and served no later than sixty (60) days after the entry of this Order.

20.     Any reply papers to any timely filed objections to the Settlement, the Plan of Allocation, or any application for an award of fees and expenses by Plaintiffs'

Counsel or Plaintiffs shall be filed and served no later than seven (7) calendar days before the Settlement Hearing.

21.     Neither the Settling Defendants nor the Released Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Plaintiffs' Counsel or Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

22.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation and the request for an award of attorneys' fees and/or reimbursement of expenses by Plaintiffs and Plaintiffs' Counsel shall be approved.

23.     All reasonable expenses incurred by Plaintiffs' Counsel and the Claims Administrator in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, including the payment of any Taxes and Tax Expenses, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective for any reason, neither the Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund.

24.     In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases given in

connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

25.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations, discussions, or proceedings connected with it, shall be construed as an admission or concession by the Settling Defendants or the Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, omission, or wrongdoing of any kind, and shall not be used against or offered against any Settling Defendant or any Released Party in any way for any reason, including without limitation, as set forth in ¶9.4 of the Stipulation.

26.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

**IT IS SO ORDERED.**

DATED:  ___August 28, 2013_      _____s/Philip A. Brimmer_____
                                                        Philip A. Brimmer
                                                        United States District Judge