IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-02351-PAB-KLM
(Consolidated with 07-cv-02412; 07-cv-02454; 07-cv-02465; and 07-cv-02469)

In re Crocs, Inc. Securities Litigation

---

**ORDER**

---

This matter is before the Court on the Motion for an Order Approving the Initial Distribution of the Net Settlement Fund [Docket No. 233] filed by Plaintiffs.[1] On May 14, 2012, the above-captioned class action was settled on behalf of all persons who purchased or acquired publicly-traded securities of Crocs, Inc. between April 2, 2007 and April 14, 2008, inclusive ("Settlement Class"). Docket No. 194 at 11. Excluded from the Settlement Class are Defendants, their officers and directors during the Settlement Class Period, the members of Defendants' immediate families, and Defendants' respective representatives, heirs, successors, and assigns, as well as any entity in which Defendants have or had a controlling interest. *Id.* Also excluded from the Settlement Class are Merle Lee Bourn, Nathan E. Jackson, Michael Harcourt, Gregory A. Bates, Dudney Shillington, James Dicks, Edward J. Lavallee, John N. Van Name, Phillip L. Bruce (deceased), Donna M. Bowling, Patricia J. Harms, Pamela G. Lillard, and James Regnante who otherwise satisfy the above requirements for membership in the Settlement Class, but who timely and validly requested exclusion from the Settlement Class. *See* Docket No. 222 at 1-2.

---

[1] Capitalized terms not defined in this order have the meaning set forth in the parties' Stipulation and Agreement of Partial Class Settlement [Docket No. 194] unless otherwise indicated.

On September 19, 2014, the Court entered a Final Judgment and Order of Partial Dismissal with Prejudice (the "Judgment") approving the May 14, 2012 Stipulation and Agreement of Partial Class Settlement (the "Stipulation") [Docket No. 194]. Docket No. 222. The Court directed the Settling Parties to consummate the Settlement in accordance with the terms and provisions of the Stipulation and the Judgment. *Id.* at 4. The Court further retained jurisdiction over any matters arising in connection with the administration of the Settlement, including distribution of the Net Settlement Fund. *Id.* at 13.

Plaintiffs filed the instant motion on August 28, 2017 requesting an Order Directing Distribution of the Net Settlement Fund. Docket No. 233 at 1. In support of the motion, Plaintiffs have presented the following facts:

1. The Court-appointed claims administrator, Garden City Group, LLC ("GCG") has completed all steps in the administrative process and is prepared to distribute the Net Settlement Fund to members of the Settlement Class who have properly completed Proof of Claim forms and have valid claims under the Plan of Allocation. Docket No. 233 at 3; *see also* Docket No. 233-1 at 11-13, ¶¶ 24-28.

2. As of July 20, 2017, the Net Settlement Fund contained $6,368,182.13, including accrued interest. Docket No. 233 at 3.

3. GCG received a total of 29,761 Proofs of Claim through April 15, 2016. Docket No. 233-1 at 4, ¶ 8.

4. Of the 29,761 Proofs of Claim received, 12,467 timely Proofs of Claim and 258 untimely Proofs of Claim (postmarked after December 26, 2013 and received on or before April 15, 2016) were provisionally accepted by GCG, representing a

total loss amount of $976,610,655.55. *Id*. at 14, ¶ 32; *see also* Docket Nos. 233-3, 233-4.

5. Proofs of Claim numbering 17,036 were rejected for one of more of the following reasons: (1) deficiencies in the Proof of Claim were never cured; (2) the Proof of Claim was a duplicate; (3) the Proof of Claim did not fit the class definition; or (4) the Proof of Claim did not result in an eligible loss. *See* Docket No. 233-5; Docket No. 233-1 at 15, ¶ 34.

6. Letters rejecting claims explained the way(s) in which the Proof of Claim was deficient and the process for curing the deficiency. Docket No. 233-1 at 9-10, ¶ 19; *see, e.g.*, Docket No. 233-2. The letters further informed claimants of the 20-day deadline to submit a response and the availability of judicial review of GCG's administrative determination. Docket No. 233-1 at 9-10, ¶ 19; *see, e.g.*, Docket No. 233-2.

7. Of the 17,036 rejected Proofs of Claim, there is one outstanding request for judicial review (the "Disputed Claim") that is being recommended for rejection because GCG has determined it is not an eligible claim under the Plan of Allocation. Docket No. 233-1 at 16-18, ¶¶ 37-40; *see also* Docket No. 233-6.

8. Pursuant to the terms of its agreement, GCG has administered the Settlement and has fulfilled, or will fulfill, all agreed-upon tasks. Docket No. 233 at 6. Lead Counsel is satisfied with the work GCG has performed in administering the Settlement. *Id*. at 7.

9.  GCG has received $551,555.74 for fees and expenses incurred in the administration of the Settlement. Docket No. 233-1 at 21, ¶ 52; Docket No. 233-7. GCG is currently owed an additional $955,898.15 for fees and services rendered pursuant to the agreement. Docket No. 233-1 at 21, ¶ 52; Docket No. 233-7 at 3. This amount reflects a discount of $257,553.37, as GCG has agreed to waive the Estimate of Fees and Expenses for Initial Distribution of $62,403.65, provide a 10% fee reduction of $104,380.69, and not bill $90,769.03 for its current unbilled work-in-progress through July 31, 2017. Docket No. 233-1 at 21, ¶ 52; Docket No. 233-7 at 3. GCG has also agreed to waive post-distribution fees and expenses. Docket No. 233-1 at 21, ¶ 52.

10. GCG's bills and estimates of its unpaid out-of-pocket expenses are consistent with the agreement and with the costs of such services and out-of-pocket expenses in similar cases. Docket No. 233 at 7. Lead Counsel therefore recommends that the Court approve payment to GCG in the amount of $955,898.15. *Id*.

Having reviewed the motion and determined that good cause exists for the relief requested, it is hereby

**ORDERED** that:

1.  The claims set forth in Exhibits B-1 ("Timely Authorized Claimants") and B-2 ("Late Postmarked But Otherwise Authorized Claimants") to the Cirami Affidavit and attached to this Order as Exhibits A and B are APPROVED, and the distribution of the Net Settlement Fund to the Authorized Claimants is AUTHORIZED.

2. The wholly ineligible or deficient claims set forth in Exhibit B-3 ("Rejected or Ineligible Claimants") to the Cirami Affidavit and attached to this Order as Exhibit C, including the Disputed Claim, are REJECTED.

3. GCG shall be paid the sum of $955,898.15 for fees and expenses incurred in connection with services performed and to be performed with respect to the administration of the Settlement Fund.

4. The Settlement Fund, after deduction of payments previously allowed and set forth herein (the "Net Settlement Fund"), shall be distributed to the Authorized Claimants (those with claims listed in Exhibits B-1 and B-2 to the Cirami Affidavit) in accordance with the terms and provisions of the Stipulation and the Plan of Allocation previously approved by this Court.

5. The payments distributed to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN [90] DAYS AFTER ISSUE DATE." Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and/or contact any eligible claimant who has not cashed his/her/its distribution within said time.

6. Provided the Claims Administrator has made reasonable and diligent efforts to have Class Members entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any funds remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds (by reason of tax refunds, uncashed distributions, or otherwise) shall, to the extent deemed economically feasible by Plaintiffs' Lead Counsel, be redistributed to

Authorized Claimants who have cashed their initial distribution of such fund and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for re-distribution. Once Lead Counsel determines that further re-distribution of any remaining balance is no longer economically feasible, any remaining balance, after payment of outstanding Notice and Administration Expenses and Taxes, shall be donated to St. Jude Children's Research Hospital.

7. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement. All Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons, beyond the amount allocated to them pursuant to this Order.

8. The Claims Administrator is authorized to discard paper or hard copies of the Proof of Claim forms and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants.

9. This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

10. No claim submitted after April 15, 2016 may be accepted for any reason.

DATED March 5, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge